UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

Carlos Gonzalez-Meza,

    Defendant/Petitioner.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 14-114 (01) (MJD)

_____

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Respondent.

Petitioner, *pro se*.

_____

This matter is before the Court upon Petitioner's motions to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, for permission to file an untimely 28 U.S.C. § 2255 motion, to appoint counsel, and to proceed IFP. [Doc. Nos. 43, 44, 46 and 47]

**I.    Background**

On June 20, 2014, Petitioner pled guilty to Count 1 of the Indictment which charged him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). On November 24, 2014, he was

sentenced to imprisonment for a term of 96 months, which was a downward variance from the applicable guideline range of 135-168 months. The applicable guideline range was based on the Court's determination that Petitioner was accountable for 4.867 kilograms of methamphetamine (actual), which subjected him to a base offense level of 38. Petitioner did not appeal his sentence.

On March 15, 2015, Petitioner filed a motion for sentence reduction based on Amendment 782 to the United States Sentencing Guidelines, which revised the drug quantity table. [Doc. No. 33]   The motion was denied based on this Court's determination that application of Amendment 782 in this case did not reduce Petitioner's base offense level from a level 38.   [Doc. No. 36]   On December 14, 2015 and June 27, 2016, Petitioner filed additional motions to reduce his sentence based on Amendment 782 to the Guidelines, and those motions were denied as Petitioner had again failed to demonstrate that he was entitled to relief.   [Doc. No. 42]

## II.   Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions

rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

The Court finds that Petitioner has not demonstrated that he is entitled to an evidentiary hearing. Many of the allegations asserted in the petition are contradicted by the record, and for the remaining allegations, even if accepted as true, Petitioner has not demonstrated that he is entitled to relief.

### III.   Timeliness

There is a one year period during which a motion may be filed under Section 2255. 28 U.S.C. § 2255(f). This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by government action in violation of the Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claims or claim presented could have been discovered through the exercise of due diligence. Id.

In this case, because Petitioner did not file an appeal to the Eighth Circuit,

Petitioner's judgment of conviction became final after the applicable period for filing a notice of appeal to the Eighth Circuit Court of Appeals expired. Judgment was entered on November 25, 2014; therefore the time to file a notice of appeal expired on December 8, 2014. Thus, to be timely, Petitioner had to have filed his habeas petition on or before December 8, 2015. The petition was not filed, however, until March 13, 2017. [Doc. No. 44]

Petitioner has not alleged that the government prevented him from filing his petition earlier, that his motion is based on a constitutional right made retroactive on collateral review or that his motion is based on newly discovered evidence. Instead, he argues that equitable tolling of the applicable limitations period is appropriate based on extraordinary circumstances.

The limitations period under § 2255 may be equitably tolled only if Petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Martin v. Fayram, 849 F.3d 691, 698 (8th Cir. 2017) (citations omitted); see also Lawrence v. Florida, 549 U.S. 327, 337 (2007) (finding that petitioner failed to show his mental incapacity justified the application of equitable tolling where he made no factual showing of a mental incapacity).

Petitioner claims that extraordinary circumstances exist in this case based on his allegations that defense counsel engaged in inappropriate sexual conduct with him.  Specifically, Petitioner claims that when he first met with defense counsel, counsel told him to strip naked so counsel could determine whether he had any gang-related tattoos.  Once naked, he was told to slowly turn around.  When facing counsel, counsel reached over and touched him in the groin area. Petitioner further alleges that during subsequent meetings, counsel touched him inappropriately.  As a result of counsel's behavior, Petitioner claims he has endured physical and mental suffering, loss of dignity, and PTSD, which have resulted in him taking medication and participating in psychiatric care. Petitioner further claims that based on counsel's sexual misconduct, he was not competent to file a timely § 2255 petition and that counsel's conduct lulled him into inaction.

The government opposes Petitioner's motions, arguing that Petitioner has failed to demonstrate that he has been pursuing his rights diligently and that there is a causal connection between the alleged sexual misconduct and his inability to file a timely motion.  The Court agrees.

Even if the Court accepted as true Petitioner's allegations that counsel

engaged in inappropriate sexual misconduct with him[1], the record demonstrates that Petitioner was nonetheless able to report the alleged sexual misconduct on a prison hotline and participate in an interview concerning the assault on March 5, 2015 – which was well within the time period to file a timely §2255 petition. (Gov't Ex. 2.)[2]  Furthermore, on March 31, 2015 - also within the limitations period - Petitioner was able to file a motion to reduce his sentence. The Court thus finds Petitioner's claim that he was not competent to timely file a § 2255 petition because of the alleged sexual misconduct of counsel to be without merit.

Based on the record, files and proceedings herein, the Court finds that Petitioner has not demonstrated that equitable tolling should be applied in this case.   Accordingly, the motion to file an untimely petition must be denied and the motion under § 2255 dismissed as untimely.

IV.   **Motion to Appoint Counsel**

The standard for appointment of counsel in this case is whether Petitioner and the Court would benefit from the assistance of counsel.   Nachtigall v. Class,

---

[1] Defense counsel has filed an affidavit denying all allegations of sexual misconduct. (Gov't Ex. 1.)
[2] The Sherburne County Sheriff was also notified of the allegations and conducted an investigation.   No charges were filed based on the prosecutor's determination that counsel denied the allegations and there were no witnesses to confirm the Petitioner's allegations. (Gov't Ex. 3 at 2.)

48 F.3d 1076, 1081 (8th Cir. 1995).   "Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." Id. at 1081-82.

Based on its review of the record and the submissions of the parties, the Court concludes that neither the facts nor the legal issues in this case are so complex that counsel should be appointed.   Appointment of counsel would benefit neither Petitioner nor the Court, therefore the motion must be denied.

## V.   Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).   With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   Id.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to File an Untimely Petition to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No.43] is **DENIED,** and the Petition to Vacate, Set Aside or Correct Sentence [Doc. No. 44] is **DISMISSED**.   The Motions to Appoint Counsel [Doc. No. 46] and for a Certificate of Appealability [Doc. No. 47] are **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:     March 29, 2018

                                        s/ Michael J. Davis
                                        Michael J. Davis
                                        United States District Court