## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.
                        ORDER
                        Crim. No. 14-114 (01) (MJD)

Carlos Arturo Gonzalez-Meza,

      Defendant.

---

      Michael L. Cheever, Assistant United States Attorney, Counsel for Plaintiff.

      Defendant, *pro se.*

---

      This matter is before the Court on Defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the First Step Act.

## I.    **Background**

      On June 20, 2014, Defendant pled guilty to Count 1 of the Indictment that charged possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On November 24, 2014, Defendant was sentenced to a term of imprisonment of 96 months, which was a downward variance from the applicable guideline range.

Before the Court is Defendant's fourth motion for a sentence reduction under § 3582(c)(2).  The previous motions sought a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines, which lowered the base offense level for certain controlled substances by two levels.  The motions were denied because the application of Amendment 782 did not reduce Defendant's total offense level.  (Doc. Nos. 36, 39 and 42.)

Defendant now claims that under Sections 402, 403, 404, 602 and 603 of the First Step Act, he is entitled to a sentence reduction.  In his motion, Defendant argues that under Section 602, he is entitled to a sentence reduction because as a deportable alien, he could not enroll in the drug treatment program which would allow for six months of early release.  His current release date is October 6, 2020, and Defendant asks that he be sentenced to time-served so he can be transferred to Immigration Customs Enforcement ("ICE").

The government opposes the motion.

II.     **First Step Act**

The First Step Act was enacted on December 21, 2018.  Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The Court agrees with the government that even if

Defendant articulated why he was entitled to relief under Sections 402, 403 or 404 of the First Step Act, those sections clearly do not apply here.

Section 402 of the First Step Act broadens the safety valve provisions to allow more defendants to qualify.  Defendant already received a reduction under the safety valve; therefore, this section would not provide him relief.  In addition, this amendment only applies to a conviction entered after the enactment of the First Step Act.

Section 403 applies to 18 U.S.C. § 924(c)(1)(C) and only where a sentence had not been imposed as of the date the First Step Act was enacted.  Therefore, this section has no application here.

Section 404 provides "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed."  A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010."  Id.  Section 2 of the Fair Sentencing Act of 2010 reduced the

statutory mandatory minimum penalties for offenses involving cocaine base by

raising the drug quantity threshold required to trigger a mandatory minimum

term of imprisonment.

Defendant is not entitled to relief under Section 404, as he was not

convicted of an offense involving cocaine base, and because he was sentenced

after the Fair Sentencing Act went into effect.

Section 602 of the First Step Act amends 18 U.S.C. § 3624(c)(2) by adding

"The Bureau of Prisons shall, to the extent practicable, place prisoners with lower

risk levels and lower needs on home confinement for the maximum amount of

time permitted under this paragraph."  Section 603 addresses amendments to the

Federal prisoner reentry initiative that was established and is conducted by the

BOP.

Because Sections 602 and 603 concern provisions that deal with the

execution of sentences, an attack on the execution of a sentence may only be

raised through § 2241 in the district where a defendant is incarcerated.  Mathany

v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).  Defendant is currently incarcerated

at CI Rivers, Winton, North Carolina.  Because Defendant is not incarcerated in

Minnesota, this Court lacks subject matter jurisdiction to consider Defendant's

request as to early release.  <u>Bell v. United States</u>, 48 F.3d 1042, 1043 (8th Cir. 1995).  Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 54] is **DISMISSED WITHOUT PREJUDICE**.

Date:  April 15, 2020

<u>s/ Michael J. Davis</u>
Michael J. Davis
United States District Court